

**IN THE**

**TENTH COURT OF APPEALS**

_____

**No. 10-11-00471-CV**

**IN RE WAYNE ERNEST BARKER**

_____

**Original Proceeding**

**MEMORANDUM  OPINION**

Wayne Ernest Barker, a prison inmate, has presented a petition for writ of mandamus requesting a mandamus to issue against Frank J. Hoak, the director of the Access to Courts Department.

In another proceeding recently pending before us, Barker has conceded that he has been determined to be a vexatious litigant. *In re Barker*, No. 10-11-00444-CV, 2011 Tex. App. LEXIS 10105 (Tex. App.—Waco Dec. 21, 2011, orig. proceeding) (mem. op.). However, he did not state whether the trial court rendered an 11.101 prefiling order against him. *See* TEX. CIV. PRAC. & REM. CODE § 11.101 (West Supp. 2011). Further, we note that his name does not appear on the Office of Court Administration's list of

vexatious litigants with prefiling orders rendered against them.[1] Because there is no confirmation of a prefiling order rendered against Barker, our Clerk was not prohibited from filing this petition for writ of mandamus. *See id*. § 11.103(a).

There are numerous procedural problems with Barker's petition. We use Rule 2, however, to look beyond these procedural problems to reach the merits of the petition.[2] TEX. R. APP. P. 2.

This Court has jurisdiction to issue writs of mandamus only against a judge of a district or county court in our appellate district or in order to protect our jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a), (b) (West 2004). Frank J. Hoak is not a district or county court judge. Barker does not allege the mandamus is necessary to protect our jurisdiction. Thus, we have no jurisdiction to issue a writ of mandamus against Frank J. Hoak.

Accordingly, Barker's petition for writ of mandamus is dismissed.

Barker also presented for filing with this Court a declaration of indigence with his petition for writ of mandamus. Under the circumstance of this case, we again use Rule 2 and grant Barker's request to proceed without the advance payment of cost. TEX. R. APP. P. 2.

TOM GRAY
Chief Justice

---

[1] *See* http://www.courts.state.tx.us/oca/vexatiouslitigants.asp

[2] Barker's petition for writ of mandamus complains that the librarian at Barker's prison unit has not responded to his Open Records Act request. She is not required to respond because Barker is an inmate. TEX. GOV'T CODE ANN. § 552.028(a) (West 2004).

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Petition dismissed
Opinion delivered and filed January 4, 2012
[OT06]